**Eleanor K. DANK and National Bank of Detroit, Co-Trustees, and Eleanor K. Dank, Individually, Plaintiffs,**

v.

**NORTH AMERICAN LIFE AND CASUALTY COMPANY, INC., A Foreign Corporation, Defendant.**

No. 9–73781.

United States District Court, E. D. Michigan, S. D.

Feb. 4, 1981.

Nunneley, Hirt, Rinehart & Cermak, Mount Clemens, Mich., for plaintiffs; Stanley Hirt, Mount Clemens, Mich., of counsel.

Fischer, Franklin, Ford, Simon & Hogg, Detroit, Mich., for defendant; Edward B. Harrison, Mark W. McInerney, Detroit, Mich., of counsel.

**ORDER GRANTING MOTION FOR DISMISSAL OF PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES**

THORNTON, District Judge.

Plaintiffs herein bring this action for recovery of insurance proceeds allegedly owed them under a certain group life insurance policy specifically covering one Robert P. Dank on two separate policies under said group life insurance plan. Robert P. Dank died April 29, 1979 and defendant has refused to pay plaintiffs the sum allegedly due them under the policies. It is defendant's position that there was no insurance in force at the time of Robert P. Dank's death because it had lapsed for failure of Dank to pay the premium within the Grace Period. Plaintiffs agree that the premiums were not paid within the Grace Period but contend that defendant had waived its right to rely on the Grace Period bar by its previous course of conduct. Plaintiffs therefore are relying on legal estoppel as the basis for denying the efficacy of defendant's defense.

In its ad damnum clause plaintiffs seek punitive damages. These damages are described as follows in Paragraph 14 of plaintiffs' Complaint:

> Eleanor K. Dank, individually and as the widow of the insured Robert P. Dank, has suffered, and will continue to suffer, severe emotional pain and suffering as a result of Defendant's malicious failure and refusal to abide by its contractual obligation to pay in accordance with the terms of the subject policies.

Defendant has moved for dismissal of plaintiffs' claim for punitive damages. Oral argument has been had and briefs

---

submitted by counsel in support of their respective contentions. Defendant relies on *Kewin v. Massachusetts Mutual Life Insurance Company*, 409 Mich. 401, 295 N.W.2d 50 (1980) for the proposition that "Michigan law does not permit the recovery of damages for mental anguish or suffering arising from an alleged breach of contract of insurance, whether they are called actual, punitive or exemplary damages." Motion For Dismissal of Plaintiffs' Claim for Punitive Damages Page 2. In *Kewin* damages of $75,000 for mental or emotional distress and of $50,000 for exemplary damages were awarded by the jury in a case involving a policy which provided for disability income protection insurance. The Michigan Supreme Court held that such damages are not recoverable. Plaintiffs argue that because *Kewin* involved disability benefits and the instant case involves death benefits *Kewin* is inapposite. This Court cannot agree.

In *Kewin* the Court said at Page 419, 295 N.W.2d 50 as follows:

For the above reasons, we hold that a disability income protection insurance policy contract is a commercial contract, the mere breach of which does not give rise to a right to recover damages for mental distress. The damages recoverable are those damages that arise naturally from the breach, or which can reasonably be said to have been in contemplation of the parties at the time the contract was made. Absent proof of such contemplation, the damages recoverable do not include compensation for mental anguish.

The Court in *Kewin* took occasion to discuss *Stewart v. Rudner*, 349 Mich. 459, 84 N.W.2d 816 (1957) where an exception to the general rule limiting the recovery for breach of contract was recognized. Plaintiffs herein place reliance on *Stewart* as authority for the exception they are seeking to invoke. In *Stewart* plaintiff brought suit against defendant doctor for breach of contract. The contract was between plaintiff and doctor providing for delivery of plaintiff's child by Caesarean section. The breach of the agreement allegedly resulted

in the child being stillborn. The *Kewin* Court at Page 416, 295 N.W.2d 50 quotes from *Stewart* as follows:

'When we have a contract concerned not with trade and commerce but with life and death, not with profit but with elements of personality, not with pecuniary aggrandizement but with matters of mental concern and solicitude, then a breach of duty with respect to such contracts will inevitably and necessarily result in mental anguish, pain and suffering. In such cases the parties may reasonably be said to have contracted with reference to the payment of damages therefor in event of breach. Far from being outside the contemplation of the parties they are an integral and inseparable part of it.'

The Court in *Kewin* goes on to say the following at Page 416, 295 N.W.2d 50:

The nature and object of the agreement justified the treatment accorded it in *Stewart*. A contract to perform a Caesarean section is not a commercial contract in which pecuniary interests are most important. Rather, such a contract involves 'rights we cherish, dignities we respect, emotions recognized by all as both sacred and personal'. *Stewart* 469, [84 N.W.2d 816]. Where such interests are invaded by breach of a contract meant to secure their protection, mental distress is a particularly likely result. Flowing naturally from the breach, these injuries to the emotions are foreseeable and must be compensated despite the difficulty of monetary estimation.

It appears to this Court that the reasoning of the Court in *Kewin* re disability insurance proceeds is more analogous by far to the instant life insurance proceeds situation than the reasoning in *Stewart* re damages for the breach of contract to delivering a child by Caesarean section. The purpose of the contract in *Kewin* and in the instant case was to provide financial benefits to the beneficiary of the insurance contract. In *Stewart* the purpose of the agreement was to accomplish the birth of a live child. The

breach of the agreement allegedly resulted in the birth of a stillborn child. The agreement was not a commercial contract. Money was not at the heart of it. The very thing bargained for in *Kewin* and here is money. Based on *Kewin* this Court concludes that Defendant's Motion To Dismiss Plaintiffs' Claim For Punitive Damages must be GRANTED.

IT IS SO ORDERED.